# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

     v.                              CRIMINAL NO. 2004-10111-MEL-02

ALFRED G. RYAN,
        Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

    Alfred G. Ryan("the defendant") appeared on May 4, 2004 with counsel for a detention hearing.  The defendant is charged in Count 8 with conspiracy to possess with intent to distribute five or more grams of "crack" cocaine in violation of 21 U.S.C. § 846 and in Count 10 with distributing "crack" within 1,000 of a school in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 860(a).  Both offenses are come within the category of "...an offense described in 18 U.S.C. § 3142(f)(1)(C).

The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of the person as required and the safety of any other person and the community...".

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21U.S.C. 955a), or an offense under section 924(c) of Title 18 of the United States Code.

Emphasis supplied.

The defendant is charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carries a maximum sentence of ten years or more imprisonment. Thus, it is presumed in the

instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if I find that there is probable cause to believe that the defendant committed the offense charged in the Indictment.  Although this presumption does not shift the burden of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight.  *United States v. Jessup*, 757 2d 378 (l Cir., l985); *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987).

The first issue then is whether there is probable cause to believe that the defendant committed the offense with which he is charged.  The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas,* 804 F.2d 157, 163 (1 Cir., 1986).

The second issue is whether the defendant has met his burden of production.  I find that he has.  Nevertheless I find, first, that there are

conditions of release which will reasonably assure the defendant's appearance and, second, that there are no conditions which will reasonably assure the safety of other persons and the community. *See* 18 U.S.C. § 3142(g)(4). I find that the facts upon which I base the second finding conclusion have been proven by clear and convincing evidence.

As to the risk of flight, I note that the defendant is not a citizen and although a legal permanent alien, is subject to deportation proceedings if he is convicted. He faces a minimum mandatory five year sentence on Count 8 if convicted and a minimum mandatory one year sentence if convicted on Count 10. He is not employed. He uses marijuana at least four times per week. On these facts, especially the risk of deportation if convicted, there is little incentive for the defendant to remain and face the charges against him.

Since his arrival in this country in 1980, he has lived in Roxbury, where his mother, brother and sister still live.[1] However, he proposes that the Court release him on electronic monitoring to his girlfriend's custody to live at her residence at 24 Clarendon Street in Somerville. However, his girlfriend is currently on probation from the Dorchester District Court on a conviction of

---

[1] He has another brother who is incarcerated at MCI-Concord.

larceny (more) and uttering and has numerous defaults on her record; manifestly, these factors disqualify her as a third-party custodian.

Given all these facts, the Court finds that the Government has proven by a preponderance of the evidence that there are no conditions or combination of conditions which will reasonably assure the defendant's appearance.

With respect to dangerousness, the defendant is charged with distribution of crack cocaine in a school zone. It is clear that in enacting the Bail Reform Act of 1984, Congress was of the view that persons who were able to deal in narcotic drugs were a danger to the community. Referring to offenses prescribed by the Controlled Substances Act which are punishable by more than ten years, the writers of the House Report noted that "[t]hese are serious and dangerous Federal offenses" and, in footnote 59, noted that the "...concept of danger to the safety of the community includes drug trafficking" citing *United States v. Hawkins*, 617 F.2d 59 (5 Cir., 1980). In that case, the Court of Appeals for the Fifth Circuit affirmed a District Judge's denial of bail on the ground that "...from all the surrounding circumstances that the risk of continued drug activity by [the defendant] was so high that he is a danger to the community." *Id*. at 61. In short, Congress plainly was of the view that a risk

of trafficking in narcotics such as crack cocaine posed a danger to other persons and the community.

In addition, the defendant has a serious prior record of convictions for crimes which present a danger to the community. In February, 1992, he was charged and later convicted of possession of a firearm and received a two and one-half year suspended sentence. In December, 1992, he was charged and later convicted of assault and battery with a dangerous weapon. In February, 1993, he was charged and later convicted of possession of a firearm, and intimidation. In April, 1996, he was charged and later convicted of possession of a Class D substance and possession of a firearm without a permit. He served a year in jail on the firearm charge. On December 12, 2003, he was charged and later convicted of malicious destruction of property and placed on probation until April, 2005. Also on December 12, 2003, he was charged and later convicted of assault and battery.

He is currently on $10,000 cash bail from the Roxbury District Court for one charge of assault and battery and two counts of assault and battery with a dangerous weapon.

In making the determination that there are no conditions or combinations

of conditions of release which will reasonably assure that the defendant would not be a danger, I do incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous, as I am permitted to do under the cases of *United States v. Jessup, supra* and *United States v. Palmer-Contreras, supra.*

Pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (l) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by either defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date:  May 11, 2004.