UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10111-MEL |
| | ) | |
| **ALFRED RYAN** | ) | |
| | ) | |

**MEMORANDUM OF GOVERNMENT REGARDING DEFENDANT'S
ELIGIBILITY FOR SENTENCE MODIFICATION AND
<u>JOINT SENTENCING RECOMMENDATION</u>**

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney David G. Tobin, respectfully submits this memorandum to address the defendant, Alfred Ryan's eligibility for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 2B1.10, and to provide a joint sentencing recommendation to the Court.

**A.   Eligibility for Sentence Modification**

   **1.   <u>Background</u>**

A grand jury returned a ten-count sealed indictment on April 8, 2004, charging the defendant in Count Eight with conspiracy to distribute cocaine base, or "crack cocaine," and alleging that the conspiracy involved five grams or more of a mixture or substance containing a detectable amount of cocaine base[1]; and in Count Ten with distribution of cocaine base, a school zone violation, and aiding and abetting.  On October 28, 2004, the

---

[1] Although the conspiracy charged in Count Eight alleged five grams or more of cocaine base, the Court apparently determined that the defendant was responsible for less than five grams of cocaine base.

grand jury returned a superseding indictment charging the defendant with the same offenses as charged in the original indictment. On January 3, 2005, the defendant pled guilty to both counts and on March 16, 2005, was sentenced to a term of imprisonment of 57 months, with a six-year term of supervised release to follow. The Court apparently found that the defendant's total offense level was 21 and his criminal history category was 3, which resulted in a guideline sentencing range of 46 to 57 months.

On March 24, 2008, the defendant filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to crack cocaine offenses.

**2. Legal Principles**

Section 3582(c)(2) of Title 18 of the United States Code provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the

2

proper procedure for implementing the amendment in a concluded case.[2] On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), became effective on March 3, 2008, and provides, in relevant part:

> (1) <u>In General</u> — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u> — A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). <u>See, e.g.</u>, <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

>       (A)   none of the amendments listed in subsection (c) is
>             applicable to the defendant; or
>
>       (B)   an amendment listed in subsection (c) does not
>             have the effect of lowering the defendant's
>             applicable guideline range.
>
> (3)   <u>Limitation</u> — Consistent with subsection (b),
>       proceedings under 18 U.S.C. § 3582(c)(2) and this
>       policy statement do not constitute a full re-sentencing
>       of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in § 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the

mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

### 3. The Defendant is Eligible for a Sentence Reduction

The defendant is correct that Amendment 706 reduced the GSR applicable in his case, and therefore the Court may consider whether to reduce his sentence. The calculation under the newly-reduced guideline would place the defendant at a total offense level of 19. At offense level 19, CHC III, the GSR would be 37 to 46 months. This is a reduction from the previously determined GSR of 46 to 57 months.[3]

### B. The Parties' Sentencing Recommendation

The parties recommend imposition of a 46 month term of incarceration, with a six-year term of supervised release to follow (with the same mandatory, standard, and special conditions

---

[3] Although the defendant qualifies for a reduction in sentence under 18 U.S.C. § 3582(c)(2), the government is of the view that, by the express terms of both that section and U.S.S.G. § 1B1.10, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). In determining whether and by how much to reduce the defendant's sentence, the government contends that the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. See U.S.S.G. § 1B1.10, Revised application note 1(B)(ii) ("[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"); Revised application note 1(B)(iii) ("[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment"). The parties agree, however, that neither considerations of public safety, nor the defendant's conduct while in the custody of the Bureau of Prisons, warrants denial of the sentence reduction to which he is otherwise entitled.

of supervised release as were previously imposed). The Court's original sentence was 57 months. This represented a sentence at the top of the then-determined applicable guideline sentencing range. The recommended sentence is appropriate as it is at the top of the corrected guideline sentencing range.

**C. There is No Need for a Sentence Modification Hearing**

In view of the parties' agreement regarding the defendant's eligibility for a sentence reduction, as well as their agreement regarding the appropriate sentence to be imposed, the parties further agree that the Court can and should modify the defendant's sentence without the necessity of a sentence modification hearing (or the defendant's presence) and that it should do so by issuing an order and amended judgment.

RESPECTFULLY submitted this 7th day of April, 2008.

                                        MICHAEL J. SULLIVAN
                                        United States Attorney


                                    By: /s/ David G. Tobin
                                        DAVID G. TOBIN
                                        Assistant U.S. Attorney



Dated: April 7, 2008

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day served a copy of this motion on defense counsel by efiling.


                                    /s/ David G. Tobin
                                  DAVID G. TOBIN


Dated:    April 7, 2008